**Erika BRACAMONTES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 04–70295.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Nov. 19, 2004.

Erika Bracamontes, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Jamie M. Dowd, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Erika Bracamontes, a native and citizen of Mexico, petitions for review of a final

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

decision by the Board of Immigration Appeals (BIA) denying her request to reopen removal proceedings to permit her to establish eligibility for cancellation of removal and adjustment of status based on her marriage to a United States citizen. We grant the petition for review and remand for further proceedings.

## DISCUSSION

■ The Attorney General contends we lack jurisdiction to review the denial of a motion to reopen because 8 U.S.C. § 1252(a)(2)(B)(i) precludes judicial review of the BIA's determination of "exceptional and extremely unusual hardship." We have held that such determinations are subjective and discretionary and therefore barred from direct judicial review by § 1252(a)(2)(B)(i). *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003). Nonetheless, we have repeatedly held this statutory bar does not apply to the BIA's denial of a motion to reopen. *See de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004) ("We have subject matter jurisdiction to hear a petition for review of a decision of the BIA denying a motion to reopen."); *Medina–Morales v. Ashcroft*, 371 F.3d 520, 527 (9th Cir.2004) ("We hold ... that § 1252(a)(2)(B)(i) does not preclude our review of the discretionary aspects of the BIA's denial of [petitioner's] motion to reopen."); *Zazueta–Carrillo v. Ashcroft*, 322 F.3d 1166, 1169–70 (9th Cir. 2003) (holding that § 1252(a)(2)(B)(i) does not divest court of jurisdiction to review denial of motion to reopen to adjust status). Accordingly, we have jurisdiction.

■ Bracamontes' request for cancellation of removal was rejected because she did not name a qualifying relative who would suffer hardship as required by 8 U.S.C. § 1229b(b)(1)(D). To remedy that deficiency, Bracamontes moved to reopen to present evidence of hardship to her husband. She submitted copies of her husband's birth certificate and their marriage license and avowed that she married a United States citizen. "she had been dating for a long time" and after the marriage, they "have been continuously living together as husband and wife."

The BIA determined that Bracamontes' submissions were insufficient to warrant reopening. We note, however, that a movant seeking reopening before the BIA "need only establish a prima facie case for relief, and need not conclusively establish that [she] warrants relief." *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003). A petitioner "demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Id.* (internal quotation omitted). Thus, the BIA will reopen "where the new facts alleged, when coupled with the facts already of record, satisfy [the BIA] that it would be worthwhile to develop the issues further at a plenary hearing on reopening." *Id.* (quoting *In re S–V–*, 22 I & N Dec. 1306, 2000 WL 562836 (BIA 2000)) (other quotations omitted). Under that standard, we conclude Bracamontes carried her burden of establishing her prima facie eligibility by identifying a qualifying relative who would suffer hardship if she were removed from the country. Accordingly, the BIA erred by denying Bracamontes' motion to reopen.

The BIA's decision not to reopen did not mention Bracamontes' request for adjustment of status based on her marriage to a United States citizen. "On a motion to reopen ... for adjustment of status premised on a marriage that occurred during deportation proceedings, the motion must present clear and convincing evidence indicating a strong likelihood that the petitioner's marriage is bona fide." *Malhi v. INS*, 336 F.3d 989, 993–94 (9th Cir.2003) (inter-

nal quotations and alterations omitted). The burden may be met by affidavits and documentation indicating the marriage is "based on an actual and legitimate relationship rather than a subjective desire to adjust status...." *Id.* at 994. Bracamontes supplied such evidence, but the BIA failed to decide whether her submissions were adequate to justify reopening. We remand to the BIA for consideration of this separate ground for relief. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 870 (9th Cir.2003) (granting petition for review and remanding because BIA abused its discretion by failing to consider all of petitioner's grounds for relief).

**PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.**